UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

RUBEN DELGADO GUADARRAMA                  CIVIL ACTION

VERSUS                                                                                NO. 22-875-SDD-RLB

JASON ST. ROMAINE, ET AL.

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 3, 2023.

                                               **RICHARD L. BOURGEOIS, JR.**
                                               **UNITED STATES MAGISTRATE JUDGE**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**RUBEN DELGADO GUADARRAMA**                          **CIVIL ACTION**

**VERSUS**                                                                   **NO. 22-875-SDD-RLB**

**JASON ST. ROMAINE, ET AL.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint filed by Plaintiff. (R. Doc. 1, "Original Complaint").[1] The Defendants have not been served in this action. Nor have they made an appearance.

For the reasons set forth herein, the undersigned **RECOMMENDS** that Plaintiff's suit be **dismissed with prejudice** as legally frivolous.

### I.     Background

Ruben Delgado Guadarrama ("Plaintiff"), proceeding *pro se,* initiated this matter pursuant to 42 U.S.C. § 1983 against defendants, Jason St. Romain, Joshua Mitchell, Richard Ward, Jr., Amy Juneau, and the West Baton Rouge Parish Detention Center (collectively, "Defendants"). (Original Complaint at 2-4). Plaintiff alleges that on January 8, 2020, he was stopped, arrested, and charged with trafficking of children for sexual purposes and improper lane usage. (Original Complaint at 5, 9). Plaintiff was then transported to the West Baton Rouge Parish Detention Center. In a letter written on February 9, 2020, Plaintiff alleges that he was "wrongfully accused" of human trafficking, deprived of his diabetes medication for "over [ten] days," and treated poorly while incarcerated. (Original Complaint at 8-10). While it is unclear how long Plaintiff remained incarcerated, the record indicates that Plaintiff filed a "Motion for

---

[1] This matter has been consolidated with Civil Action No. 23-123-JWD-EWD, which arises out of the same incident as the instant matter. (R. Doc. 4). The Complaint filed in Civil Action No. 23-123-JWD-EWD will hereinafter be referred to as the "Consolidated Complaint."

Fast and Speedy Trial 701" on March 19, 2020, wherein he states that he was "presently incarcerated at the West Baton Rouge Parish Detention Center." (Consolidated Complaint at 8, 21, 22, 29). On April 2, 2020, the District Attorney's office refused to accept the charges against Plaintiff due to "[i]nsufficient [e]vidence." (Consolidated Complaint at 1, 30).

Plaintiff requests $1.1 million "for all the damages and time" that he "spent away from [his] family." (Original Complaint at 6). Plaintiff files suit for, among other things, medical negligence, defamation of character, lost wages, and false imprisonment. (Original Complaint at 6).

**II.    Law and Analysis**

The undersigned has performed a review to determine whether the Complaint should be dismissed as frivolous or malicious. Plaintiff's payment of the filing fee does not preclude this review. *See Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 307-308 (1989) ("Statutory provisions may simply codify existing rights or powers. 28 U.S.C. § 1915(d), for example, authorizes courts to dismiss a 'frivolous or malicious' action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Doe v. City of Baton Rouge*, No. 20-514, 2021 WL 304392, at *2 (M.D. La. Jan. 29, 2021) ("[R]egardless of whether Plaintiff were to pay the filing fee, this Court has the inherent power to screen a pleading for frivolousness."), *appeal dismissed*, No. 21-30061, 2022 WL 881753 (5th Cir. Mar. 24, 2022), *cert. denied sub nom. Doe v. City of Baton Rouge, Louisiana*, 143 S. Ct. 376 (2022).

The Fifth Circuit has explained that a district court "may raise the defense of limitations *sua sponte*…[and] dismissal is appropriate if it is clear from the face of the complaint that the

claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006); *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir. 1999).

Plaintiff is seeking to bring his constitutional claims under 42 U.S.C. § 1983. District courts apply the forum state's statute of limitations in § 1983 actions. *Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994). In Louisiana, delictual actions are subject to a liberative prescription period of one year. La. Civ. Code Art. 3492. Accordingly, the applicable prescriptive period for § 1983 actions is one year. A cause of action under § 1983 accrues when the plaintiff knows or has reason to know of the injury which forms the basis of his action. *Ramon v. Rodriguez-Mendoza,* 372 Fed. Appx. 494 (5th Cir. 2010) (citing *Piotrowski v. City of Houston,* 51 F.3d 512, 516 (5th Cir. 1995)).

Here, Plaintiff's cause of action arises from an alleged unlawful stop and arrest that occurred on January 8, 2020. Plaintiff remained incarcerated through March 19, 2020, at the earliest. (R. Doc. 1 at 21-22). Thereafter, the District Attorney's offices refused to accept Plaintiff's charges on April 2, 2020. (Original Complaint. at 30). Despite the uncertainty of Plaintiff's release date, it is clear that Plaintiff knew or had reason to know of his injury at the time of his alleged unlawful stop and arrest on January 8, 2020. Plaintiff specifically alleges that on this date he was "[stopped] for no reason," and he "did not know why" he was arrested. (R. Doc. 1 at 5). Even if Plaintiff did not know of his injuries at the time of his arrest, the charges were refused on April 2, 2020.

Regardless of the start date used above, Plaintiff's suit was filed over two years from the date Plaintiff had reason to know of his injury. (R. Doc. 1). According to the face of the Complaint, it is clear that Plaintiff's cause of action is barred by the one-year prescriptive period for § 1983 actions in Louisiana. Therefore, undersigned recommends that Plaintiff's Complaint

be dismissed as frivolous. Having concluded that Plaintiff's federal law claims should be dismissed, the Court recommends that supplemental jurisdiction over Plaintiff's state law claims be declined

## III.    Recommendation

It is recommended that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, and that Plaintiff's action be dismissed, with prejudice, as legally frivolous.

Signed in Baton Rouge, Louisiana, on May 3, 2023.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**